IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**CITY OF PORTLAND,**

        Plaintiff,

   v.

**MONSANTO COMPANY et al.,**

        Defendants.

No. 3:16-cv-01418-PK

OPINION AND ORDER

**MOSMAN, J.**,

On April 18, 2017, Magistrate Judge Paul Papak issued his Findings and Recommendation ("F&R") [59], regarding Defendants' Request for Judicial Notice [33], Defendants' Supplemental Request for Judicial Notice [43], and Defendants' Motion to Dismiss [32]. Defendants and the City of Portland ("the City") objected [62, 63] to the F&R and both parties responded to the other's objections.[1] For the following reasons, I ADOPT the F&R in part.

---

[1] The City filed Objections to the F&R [61] and subsequently filed Corrected Objections [63]. I considered only the objections and arguments made in the Corrected Objections [63] for the purposes of this Opinion and Order.

1 – OPINION AND ORDER

**LEGAL STANDARD**

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is generally required to make a de novo determination regarding those portions of the report or specified findings or recommendations as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny with which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C).

**DISCUSSION**

The allegations that the City brings in this case are substantially similar to the allegations that the Port of Portland ("the Port") has brought in 3:17-cv-00015-PK, and Defendants' theories for dismissing the City's claims and the Port's claims are also substantially similar.[2] Judge Papak's findings and recommendations in this case also largely resemble his findings and recommendations from the Port's case. Many of Defendants' Objections to the F&R at issue are the same as the objections Defendants made to Judge Papak's findings and recommendations in the Port's case. As such, my analysis and holdings from my Opinion and Order in the Port's

---

[2] In fact, the City's response to some of Defendants' objections to Judge Papak's F&R in the City's case include direct quotes from Judge Papak's F&R in the Port's case rather than his F&R in the City's case. *See, e.g.*, Resp. to Objections to Findings & Recommendation, *City of Portland v. Monsanto*, 3:16-cv-01418-PK, Dkt. 65, p.17-20 (quoting Judge Papak's F&R from the Port's case). As a general matter, the legal analysis and findings are the same, and I presume the City intends for me to substitute it ("the City") in place of "the Port." However, I caution counsel to be more careful going forward in writing about and properly referencing the Port's case and the City's case.

case that adopted Judge Papak's findings and recommendations in part also applies to the objections Defendants raise in this case related to (1) whether the tort claims must be dismissed as untimely under Oregon's statute of repose; (2) whether the tort claims must be construed as product liability civil actions under O.R.S. § 30.905; (3) whether the common law indemnity claim is preempted by CERCLA; (4) whether the City can bring a public nuisance, trespass, and post-sale negligence claim independently of the product liability claims; and (5) whether regulatory costs are actionable damages.

In this Opinion, I address Defendants' Objections that are specific to this case, as well as the City's Objections to the F&R. Specifically, Defendants object to Judge Papak's finding that the City has standing to bring its public nuisance claim, and the City objects to Judge Papak's finding that it lacks standing to bring its property liability, trespass, and negligence claims. For the reasons explained below, I agree with Judge Papak's findings and recommendations as to the City's standing to bring its public nuisance, property liability, trespass, and negligence claims.

## I. Whether the City Has Standing to Bring its Public Nuisance Claim

Judge Papak determined that the City's allegations that it suffered special damage not suffered by the public generally by being required to expend funds to investigate, monitor, analyze, and remediate PCB contamination were sufficient to establish the City's standing to bring its public nuisance claim.[3] Accordingly, he recommended that I DENY Defendants' motion to dismiss the public nuisance claim on the theory that the City does not have standing to bring the claim. Defendants object to this finding and recommendation on the grounds that "[n]o Oregon court has ever based standing for a public nuisance damages claim on a plaintiff's

---

[3] The City notes that Judge Papak found that it had standing to bring its public nuisance claim, but that he administratively erred in recommending that the claim be dismissed later in his F&R. The City asserts that he actually meant to recommend dismissal of the trespass claim. I agree that this appears to be an administrative error and Judge Papak did not intend to recommend dismissing the public nuisance claim.

3 – OPINION AND ORDER

incurrence of costs associated with property *it does not own* and which are not unique at all, but are shared by many other parties." The City argues that property ownership is not required to allege a special injury and that the costs it has incurred and will incur in seeking to remediate PCB damage is a special injury.

In order to have standing to bring a public nuisance claim, the City must establish that it has suffered a special injury that is separate and distinct from that suffered by the general public. *Frady v. Portland Gen. Elec. Co.*, 637 P.2d 1345, 1349 (Or. Ct. App. 1981). Certainly, alleging property damage to the plaintiff's property, such that it interferes with the plaintiff's ability to use and enjoy the property, is sufficient to show a special injury. *Id.* And costs incurred "by engaging in action to determine the extent of [] contamination and the appropriate means of protecting [a plaintiff's property] from the spreading of the contamination" are costs unique to the plaintiff and "are adequate to establish a special injury." *City of Portland v. Boeing Co.*, 179 F. Supp. 2d 1190, 1196 (D. Or. 2001). In other words, the *costs* that a plaintiff incurs in remediating damage are unique to the plaintiff and can constitute a special injury for the purposes of showing standing to bring a public nuisance claim. *Id.*

Here, I agree with Judge Papak's finding that the City's allegation that it has suffered a special injury by having to expend funds to investigate, monitor, analyze, and remediate PCB contamination is sufficient to establish standing under *Boeing*. Accordingly, Defendants' motion to dismiss the City's public nuisance claim on the theory that the City lacks standing to bring the claim is DENIED.

## II. The City's Standing to Bring its Product Liability, Trespass, and Nuisance Claims

Judge Papak recommended that I dismiss the City's product liability, trespass, and nuisance claims for lack of standing because the City failed to allege damage to property that it

owns. The City concedes that it did not "expressly" identify itself as the owner of the stormwater and wastewater systems in Portland or of the "Portland Waters." But it argues that its Complaint alleges that those properties are contaminated and refers to them generally as "Portland's property," and it alleges that PCBs have entered its property and trespassed upon its property.

I agree with Judge Papak's findings as they relate to the City's standing to bring its product liability, trespass, and nuisance claims. The City has not sufficiently alleged damage to property it owns. Accordingly, Defendants' motion to dismiss the City's product liability, trespass, and nuisance claims is GRANTED, and the claims are dismissed. Because the City asserts that it can remedy the deficiencies Judge Papak identified, I GRANT leave to amend these claims.

## CONCLUSION

Based on the above analysis, I ADOPT in part and REJECT in part Judge Papak's F&R [59]. I ADOPT Judge Papak's findings and recommendations relating to Defendants' Request for Judicial Notice [33] and Supplemental Request for Judicial Notice [43]. Pursuant to my supplemental analysis in this Opinion, I ADOPT in part Judge Papak's findings and recommendations on Defendants' Motion to Dismiss [32]. Specifically, Defendants' motion to dismiss the City's common-law indemnity and attorney fees claims is GRANTED, and the claims are DISMISSED without prejudice. Defendants' motion to dismiss the City's public nuisance claim is DENIED, and the motion to dismiss the City's trespass, negligence, and product liability claims is GRANTED, with leave to amend. Defendants' motion to dismiss the City's claim for compliance-related damages under the Clean Water Act is DENIED. I

otherwise rule as outlined above, including any cross-reference to my opinion in *Portland v. Monsanto*, 3:17-cv-00015-PK.

    IT IS SO ORDERED.

    DATED: This __22__ day of September, 2017.

    */s/ Michael W. Mosman*
    MICHAEL W. MOSMAN
    Chief United States District Judge